IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAHMIR GINDRAW, | : |
|     Plaintiff | : |
|   v. | : Case No. 3:24-cv-65-KAP |
| LT. SANFORD, LT. HOUSTON, | : |
|     Defendants | : |

Memorandum Order

The complaint, ECF no. 5, is dismissed for failure to state a claim, without leave to amend.

All parties have reportedly consented to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C). Plaintiff filed the *pro se* complaint in March 2024 as a federal pretrial detainee in this district and division and was granted leave to proceed *in forma pauperis*. He was sentenced shortly thereafter in April 2024 and is in the custody of the Bureau of Prisons. The complaint was served on defendants later in April 2024 and then administratively closed until plaintiff provided his new address yesterday.

Plaintiff alleges that on November 13, 2023, he was temporarily moved to a cold cell in the Cambria County Prison with "the air on" and provided only a paper smock to wear. His bunk, where he sat, had no mattress. As a result, he alleges that he contracted foot fungus. He seeks $250,000 in damages.

The Prison Litigation Reform Act's screening requirements for inmate plaintiffs proceeding *in forma pauperis* are set out at 28 U.S.C.§ 1915(e)(2):

(2)    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
(A)    the allegation of poverty is untrue; or
(B)    the action or appeal --
(i)    is frivolous or malicious;
(ii)    fails to state a claim on which relief may be granted; or
(iii)    seeks monetary relief against a defendant who is immune from such relief.

*See also* 28 U.S.C.§ 1915A.

Fed.R.Civ.P. 8 requires any complaint to be a short and plain statement containing sufficient factual matter that if accepted as true would state a legal claim that is plausible on its face. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In the Supreme Court's words, plaintiff must allege enough facts in the complaint to "nudge" a claim "across the line from conceivable to plausible." *Id.*, 556 U.S. at 683, *quoting*

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff must in a nonconclusory way allege facts that permit the inference that each defendant he names caused the harm he alleges. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005); Chavarriaga v. New Jersey Department of Corrections, 806 F.3d 210, 222 (3d Cir. 2015).

Plaintiff, in his one paragraph of allegations, does not try to link the defendants to the alleged facts. They would be liable, if they were so linked, only if one could conclude they were "deliberately indifferent" to plaintiff's basic human needs. That mental state requires allegations as to each defendant that the defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff does not allege anything that supports an inference that his foot fungus is "serious harm," or that freedom from foot fungus is a basic human need, much less that the defendants (or any other person) knew and disregarded the knowledge that an inmate's being temporarily housed in an uncomfortable cell posed a substantial risk of causing that inmate serious harm.

Amendment is both futile and inequitable. Two things are required if plaintiff could have a plausible claim against these defendants: these defendants had to have ordered his placement in that particular cell, and defendants had to have known that cell posed a serious risk of foot fungus. The plaintiff could plausibly amend his complaint to allege half of that. But even assuming that plaintiff contracted foot fungus in the manner he suggests and assuming that foot fungus constitutes an actionable injury, neither defendant is liable for merely putting plaintiff in a cell someone else failed to clean properly. There is no plausible amendment that the named defendants even knew of a risk of foot fungus, and they have no vicarious liability for anyone else's failure to clean. Being in a supervisory role in the operation of the prison is not personal participation in any subordinate's actions. See Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91 (1978) (municipal employers are liable for deprivation of civil rights caused by their own illegal customs and policies but are not liable for their employees' actions). To state a claim against a supervisor, employer, or governmental entity for a civil rights violation by an agent or employee, plaintiffs must allege facts allowing the inference that actions pursuant to an official policy caused their injury. A "policy" is a practice "so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 60–61 (2011). Plaintiff does not allege (in a nonconclusory fashion) that defendants have a policy or custom of segregating inmates in order to cause them foot fungus. In light of what he does allege it is implausible that he could do so.

The Court of Appeals, in Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002) and similar cases, directs district courts to allow plaintiffs in civil rights cases

leave to amend unless that amendment is "futile" or "inequitable." With two exceptions "federal courts treat *pro se* litigants the same as any other litigant." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). Those exceptions are liberal construction of pleadings – which does not relieve *pro se* plaintiffs from alleging sufficient facts in their complaints – *id.*, 704 F.3d at 245, and giving notice to *pro se* inmate litigants when a motion to dismiss will be treated as a summary judgment motion. *Id*. Only the first point is relevant here.

Liberal construction of *pro se* pleadings means paying attention to what the litigant has alleged and using common sense, not supplying what plaintiff has not alleged or imagining that unpleaded facts exist that only need hints from the court to be included in an amended complaint. As the Supreme Court directed in Ashcroft v. Iqbal, *supra*, 556 U.S. at 679:

> Determining whether a complaint states a plausible claim for relief will [] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [] But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

(cleaned up). Common sense says the complaint was a parting shot by an inmate on his way out and that defendants should not be faced with the costs of defending successive versions of this complaint.

Plaintiff's *in forma pauperis* status is revoked because any appeal from this order would not be in good faith. 28 U.S.C.§ 1915(a)(3). The Clerk shall mark this matter closed.

DATE:  June 25, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Tahmir Gindraw, Reg. No. 06905-510
F.C.I. Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640